UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

**CRIMINAL ACTION NO. 05-11-DLB**

**UNITED STATES OF AMERICA**                                 **PLAINTIFF**

**V.**                     **<u>OPINION AND ORDER</u>**

**MARY JOE EVERAGE**                                      **DEFENDANT**

\* \* \* \* \* \*

The United States has moved the Court for an Order authorizing the involuntary administration of anti-psychotic medication to Defendant. Defendant, through counsel, has filed a response in opposition to that motion. An evidentiary hearing was conducted on April 13, 2006. Each side offered evidence at that hearing and made arguments for and against the granting of the requested relief. The parties have also submitted proposed orders. Having considered the motion, Defendant's response, the evidence presented at the hearing, and otherwise being fully advised, the United States' Motion is **granted**.

The controlling case is <u>Sell v. United States</u>, 539 U.S. 166, 123 S.Ct. 2174 (2003). <u>Sell</u> establishes the standard by which the court will permit involuntary administration of drugs solely for trial competence purposes when the following criteria are met:

1. The court must conclude that important governmental interests are at stake.

2. The court must conclude that administration of the drugs is substantially likely to render the defendant competent to stand trial.

3. The court must conclude that administration of the drugs is substantially unlikely to have side effects that will interfere significantly with the defendant's ability to assist counsel in conducting a trial defense.

4. The court must conclude that any alternative, less intrusive treatments are unlikely to achieve substantially the same results.

5. The court must conclude that administration of the drugs is in the patient's best medical interest in light of his or her medical condition.

*See* Sell at 180-181.

The Court finds as a matter of fact that the government has satisfied each of these criteria and concludes as a matter of law that the involuntary administration of medication to Defendant as requested in the reports submitted by Dr. Evans and Dr. Gonzalez is warranted.

As to the first element of the test, the Supreme Court has specifically held that the Government's interest in bringing an individual accused of a serious crime to trial is important. Although Defendant is charged with two misdemeanors, they both allegedly involve threats to others, one with a firearm. The Court therefore concludes Defendant is charged with serious crimes. Not only does the government have an important interest in timely prosecution, it also has an important interest in assuring that the assessment of Defendant's possible guilt and punishment is fair. In this case, Defendant has already served a significant amount of time in custody. However, any sentence ultimately imposed if Defendant were convicted of the charged offenses may involve factors in addition to the

imposition of a term of incarceration. The potential for future confinement and existence of time already spent in custody are factors that affect this analysis, but the Supreme Court has said that they do not totally undermine the strength of the need for further prosecution. Sell at 180.

The Court has previously concluded that Defendant is not currently competent to stand trial due to mental illness. This finding persists. Defendant's diagnosis of delusional disorder remains an impediment to her competence to stand trial. Defendant has refused treatment for her diagnosed mental illness, refused to acknowledge the existence of this illness, and testified she would not voluntarily take anti-psychotic medications. The evidence from Dr. Evans and Dr. Gonzalez established that Defendant's mental illness is not likely to improve without the requested involuntary administration of medication. Moreover, there has been no showing of an alternative treatment setting or option that could be used to address safety concerns if the United States' Motion were denied. Absent the requested administration of medication, there is no assurance that Defendant would be confined or otherwise treated to diminish the risks attached to freeing her without establishing her competency and properly adjudicating the charged offenses. These circumstances, when combined with the threatening nature of the allegations in the Indictment, create an important government need to see that this case is fairly adjudicated once Defendant regains competency.

As to the remaining elements of the Sell test, the weight of the evidence offered by Dr. Evans and Dr. Gonzalez persuades the Court that these criteria have been met as well.

The requested administration of involuntary medication is substantially likely to make Defendant competent to stand trial in the near future. The evidence showed that the medication is not likely to cause side effects that will interfere significantly with Defendant's ability to communicate with counsel. Dr. Gonzalez testified the medications are initiated in small doses so as to minimize the potential of any side-effects. In fact, the evidence established that the medication is substantially likely to improve her ability to communicate appropriately with counsel and assist in her defense. The undisputed medical evidence established that no other form of treatment is likely to have any beneficial effect on Defendant under her circumstances and that the administration of this medication, even involuntarily, is medically appropriate for her in light of her medical condition.

Accordingly, **IT IS ORDERED as follows:**

1. The United States' Motion for an Order authorizing the involuntary administration of anti-psychotic medication to Defendant be, and is, hereby **granted**;

2. The officials at the FMC Carswell are authorized to involuntarily administer antipsychotic medication to Defendant for a period of 90 days from the onset of the administration of this medication consistent with the recommendations in the Forensic Report prepared by Dr. Evans on March 28, 2006 (as admitted into evidence during the hearing as Government Exhibit 1) and the Psychiatric Report of Dr. Gonzalez prepared on March 22, 2006 (as admitted into evidence during the hearing as Government Exhibit 2); and

3.      The United States Marshals Services is directed to immediately return Defendant to FMC Carswell.

Dated this 17th day of April, 2006.

Signed By:
*David L. Bunning*   DB
United States District Judge